*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLICATED
June 06, 2025
10:08 AM

*In re* SMITH, Minors.

No. 368911
Wayne Circuit Court
Family Division
LC No. 2019-000030-NA

Before: GADOLA, C.J., and RICK and MARIANI, JJ.

PER CURIAM.

Petitioner, the Department of Health and Human Services, appeals by leave granted the trial court's orders declining to terminate respondents' parental rights to their minor children, JJS, DRS, RLS, and JGS. We vacate the orders and remand to the trial court for redetermination of the children's best interests.

## I. FACTS

Respondents have six children, none of whom are in their care.[1] As early as 2016, respondents were investigated by Child Protective Services regarding allegations of physical abuse and neglect of the children. From 2019 through 2022, respondent-mother gave birth to the four younger children, JJS, DRS, RLS, and JGS. Three of the four children tested positive at birth for either marijuana, cocaine, or both. Each of the four younger children were removed from respondents' care shortly after birth in light of respondents' substance abuse, homelessness, and respondent-mother's untreated mental health disorder. Two of the children were placed with a cousin, BJ, who was interested in adopting the children. The other two children were placed with a paternal great aunt, GA.

---

[1] The two oldest children live in a guardianship with their paternal great aunt, GA, and respondents' parental rights with regard to the two oldest children are not at issue in this appeal.

-1-

In 2021, in response to allegations that he sexually assaulted his minor niece, respondent-father pleaded no contest to two counts of first-degree attempted criminal sexual conduct of a person under age 13, second-degree criminal sexual conduct, and as a habitual offender, second offense. He was sentenced to five years of probation and 341 days in jail. He also was required to register as a sex offender and was prohibited from being within 500 feet of parks, pools, playgrounds, childcare centers, schools, or any other place primarily used by minors.

In September 2022, petitioner sought custody of the four children under MCL 712A.2(b)(1), on the basis that respondents had failed to provide proper care and custody of the children due to neglect or abandonment, and (2) that respondents' home environment was unfit due to neglect. Respondents did not contest that the children came within the jurisdiction of the trial court, and the trial court assumed jurisdiction of the children.

Petitioner offered respondents services as part of a court-ordered treatment plan that included random drug screens, substance abuse treatment, counseling, parenting classes, mental health evaluations and treatment, and parenting time with the children. Respondents failed to comply with their service plans, however. From January 2019 through 2022, respondents missed virtually all required drug screenings, failed to obtain suitable housing, failed to participate successfully in substance abuse treatment and counseling, and rarely visited the children.

In 2022, petitioner sought termination of respondents' parental rights to the four children under MCL 712A.19b(3)(c)(*i*) and (*ii*), (g), (j), and (m)(*i*) and (*ii*), with regard to JJS; (3)(a), (g), (j), and (k)(*i*) with regard to DRS and RLS; and (3)(g) and (j) with regard to JGS. Respondents pleaded no contest to the allegations that statutory grounds for termination existed regarding the four children, and the trial court accepted respondents' plea of no contest.

The trial court then held a hearing regarding the best interests of the children. At the time of the hearing, the two children placed with BJ were ages one and three, and had been placed with BJ since birth. The foster care caseworker testified that BJ was concerned that guardianship would mean ongoing contact with respondents, which BJ did not want. GA testified that she would prefer a guardianship of the two children placed with her; at that time, the children were ages three and five, while GA was 70 years old.

The foster care caseworker testified that termination was in the best interests of the children. She testified that respondents' failure to comply fully with the court-ordered treatment plan and failure to benefit from the services meant that they had not made sufficient progress to be able to parent the children, and that respondents' substance abuse and respondent-father's criminal convictions meant that the children would be at risk of harm in respondents' care. She further testified that guardianship lacked permanence, stability, and finality that would be provided by adoption; moreover, GA was significantly older than the children she was parenting and it is therefore likely that the care arrangement for those two children would have to be changed in the future if they were placed in a guardianship with GA. The foster care caseworker further testified that none of the four children had ever lived with respondents and there appeared to be no bond between the children and respondents.

Following the hearing, however, the trial court found that termination of respondents' parental rights to the four children was not in the best interests of the children. The trial court

noted that the clinic report recommended termination, and also that it was likely that the children would be adopted by a relative if respondents' parental rights were terminated, but determined that guardianships with the existing relative placements was preferable to termination. This Court granted petitioner leave to appeal.[2]

## II. DISCUSSION

### A. STATUTORY BASIS

Petitioner contends that the trial court erred by failing to determine whether a statutory basis for termination was established by clear and convincing evidence. We disagree that the trial court failed to determine that a statutory basis for termination had been established.

To terminate a parent's rights to his or her child, the trial court is required to find that at least one statutory basis warranting termination under MCL 712A.19b(3) has been established by clear and convincing evidence. *In re Jackisch/Stamm-Jackisch*, 340 Mich App 326, 333; 985 NW2d 912 (2022). We review for clear error both the trial court's factual findings and the trial court's determination whether a statutory basis for termination has been proven by clear and convincing evidence. *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018). The decision whether to terminate parental rights is clearly erroneous if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003).

MCL 712A.19b(1) provides that the trial court "shall state on the record or in writing its findings of fact and conclusions of law with respect to whether or not parental rights should be terminated." MCR 3.977(I)(1) provides that the trial court "shall state on the record or in writing its findings of fact and conclusions of law. Brief, definite, and pertinent findings and conclusions on contested matters are sufficient."

A respondent parent may plead no contest to the allegations in a petition seeking to terminate the parent's parental rights as long as the respondent is advised of his or her rights and the plea is both voluntary and accurate. MCR 3.971(D) provides:

(1) Voluntary Plea. The court shall not accept a plea of admission or of no contest without satisfying itself that the plea is knowingly, understandingly, and voluntarily made.

(2) Accurate Plea. The court shall not accept a plea of admission or of no contest without establishing support for a finding that one or more of the statutory grounds alleged in the petition are true, preferably by questioning the respondent unless the offer is to plead no contest. If the plea is no contest, the court shall not question the respondent, but, by some other means, shall obtain support for a finding that one or

---

[2] *In re Smith Minors*, unpublished order of the Court of Appeals, entered May 2, 2024 (Docket No. 368911).

more of the statutory grounds alleged in the petition are true. The court shall state why a plea of no contest is appropriate.

Here, each respondent pleaded no contest to the allegations in the petitions that established a statutory basis warranting termination of parental rights. The trial court informed respondents of their rights, and respondents acknowledged that they understood their rights and also understood the consequences of their pleas. Neither party contested the validity of the pleas, and the trial court stated that it found that a statutory basis for termination had been established. The trial court stated that the reason why a plea of no contest was appropriate was concern regarding potential civil liability. The trial court thus made brief, definite, and pertinent findings on the record, sufficient to satisfy MCR 3.977(I)(1) and MCL 712A.19b(1), when it accepted the pleas and found respondents were not contesting that a statutory basis had been established. The trial court thus did not fail to find that a statutory basis for termination of respondents' parental rights to the four children under MCL 712A.19b(3) had been established by clear and convincing evidence.

## B. BEST INTERESTS

Petitioner contends that the trial court clearly erred by determining that termination of respondents' parental rights was not in the children's best interests. We conclude that the trial court erred by applying the wrong legal framework when assessing the children's best interests.

When a trial court finds that a statutory basis for termination of a respondent's parental rights has been established, the trial court must terminate the parent's rights if a preponderance of the evidence demonstrates that termination is in the child's best interests. MCL 712A.19b(5); *In re Medina*, 317 Mich App 219, 236-237; 894 NW2d 653 (2016). We review for clear error the trial court's decision regarding a child's best interests, *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021), focusing on the child, not the parent. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022).

The best interests of a child are determined by weighing the available evidence and considering a wide variety of factors, such as the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, the advantages of a foster home over the parent's home, the length of time the child was in care, the likelihood that the child could be returned to the parent's home in the foreseeable future, and the parent's compliance with the case service plan. See *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 63-64; 874 NW2d 205 (2015). "The trial court should weigh *all* the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014) (emphasis added). A child's placement with a relative is an "explicit factor to consider" when determining whether termination is in a child's best interests, *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010), but although placement with a relative generally weighs against termination, that fact alone is not determinative, *In re Atchley*, 341 Mich App at 347.

In this case, the trial court clearly erred when it concluded it was not in the children's best interests to terminate respondents' parental rights because the trial court's analysis focused almost exclusively on the children's placement with relatives. In doing so, the trial court incorrectly surmised that this Court has a policy favoring guardianships over termination of parental rights. The trial court stated:

-4-

The Court of Appeals clearly likes guardianships, and would prefer them over terminations. Now, once upon a time the Court of Appeals was bluntly telling me that they expected me to set them up, and if I did not set one up, they'd reverse me, . . .

* * *

I think the Court of Appeals likes me to head in the direction of guardianships when I can, so I do.

The trial court erred in this regard; this Court does not have a "policy" favoring (or disfavoring) guardianships. Rather, this Court considers each case on its own merits, as should a trial court assessing the best interests of a child. See *In re Affleck/Kutzleb/Simpson*, 505 Mich 858, 858-859 (2019) (The determination of the best interests of a child should be based on the specific child in the particular case, and not on any generalized policy regarding guardianship). Further, while a guardianship may be a helpful tool in circumstances where a parent is making progress toward reunification, the facts of each specific case must be considered to assess whether a guardianship, by its nature tending toward the temporary, is appropriate in a specific case as a permanent solution for a specific young child in need of a long-term home. See *In re TK*, 306 Mich App 698, 705; 859 NW2d 208 (2014).

In this case, by focusing on the perception that guardianship was a preferred outcome, the trial court failed fully to consider other relevant and important factors. The children have spent virtually no time in respondents' care because each of the four children was removed from respondents' custody shortly after birth. After the children were removed from respondents' care, respondents were ordered to comply with a case service plan to address their substance abuse, mental health, and homelessness. Both respondents failed to comply with their case service plans by failing to participate in the required drug screenings, failing to maintain suitable housing, failing to participate fully in substance abuse treatment and counseling, and failing to attend most visits with the children. Respondents' failure to comply with the requirements of the treatment plan is evidence that the children are likely to be harmed if returned to respondents' care. See *In re Kaczkowski*, 325 Mich App 69, 77; 924 NW2d 1 (2018). In sum, at the time the trial court made its determination, respondents had demonstrated no progress toward overcoming their substance abuse, had not obtained suitable housing, and had not demonstrated that they will ever be able adequately to care for the children. As a result, the record as it currently stands indicates that it is unlikely that the children ever will be returned to the care of respondents.

The record also suggests concerns with the relative placement. GA testified that she does not recognize respondent-father as a threat to the children. Despite respondent-father's plea of no contest to attempted first-degree criminal sexual conduct and second-degree criminal sexual conduct involving his minor niece, who was under age 13, GA testified that she was not concerned about respondent-father's convictions and did not believe the allegations of the victim (her granddaughter).

We conclude that the trial court clearly erred by concluding under the circumstances that the benefits of guardianship with a relative outweighed all other relevant considerations. The trial court's orders declining to terminate respondents' parental rights are vacated, and this case is

remanded to the trial court for redetermination of the children's best interests applying the proper legal framework. On remand, the trial court should evaluate the best interests of the children based on information updated as of the time of the trial court's hearing. See *In re Doe (On Remand)*, 344 Mich App 82, 86; 998 NW2d 733 (2022). In considering this matter on remand, the trial court should bear in mind that this Court has no "policy" regarding guardianships and should consider the best interests of each child in this case based upon the specific facts of this case. We retain jurisdiction.

/s/ Michael F. Gadola
/s/ Michelle M. Rick
/s/ Philip P. Mariani

# Court of Appeals, State of Michigan

## ORDER

IN RE SMITH MINORS

Docket No.   368911

LC No.       2019-000030-NA

Michael F. Gadola
Presiding Judge

Michelle M. Rick

Philip P. Mariani
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 28 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court is to hold a hearing for redetermination of the children's best interest. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

Presiding Judge



A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

June 06, 2025
Date

Chief Clerk